BRADY, Justice.
This is an appeal from an order of the Circuit Court of Lee County, Mississippi, reversing a decision of the Mississippi Workmen’s Compensation Commission and awarding compensation benefits to the appellee, as a consequence of an injury claimed to have been sustained by appellee.
The record discloses the following relevant facts. Appellee worked for Malone & Hyde of Tupelo, Inc., as a truck driver, and had been so employed for approximately five years prior to the incident involved. On the morning of September 30, 1963, appellee, driving a truck owned by appellant, left Tupelo on his designated route from appellant’s warehouse to Water Valley, Mississippi. After he had driven the truck a short distance and was approaching a store near Bissel, Mississippi, the appellee coughed or sneezed, and immediately thereafter he experienced severe pain in his lower back and legs. He was forced to pull his truck to the side of the road and stop. He was unable to get out of the truck for some time because of the pain, but finally descended to the ground.
An ambulance was called and appellee was transported to the North Community Hospital in Tupelo, where he was seen by Dr. R. H. Pegram, Jr. He was hospitalized in the Tupelo hospital under the care of Dr. Pegram until October 12, 1963. Dr. Pegram referred appellee to Dr. William S. Ogle of Memphis, Tennessee, who first saw appellee on November 5, 1963. Appellee was treated by Dr. Ogle four times, from November S until November 23, with intensive conservative measurements, which failed to provide the desired result. On December 4 he was discharged, anticipating improvement with the passing of time.
Dr. Ogle examined him again on December 18, and on December 29 appellee reentered the hospital for a recommended operation, which was performed by Dr. Ogle on December 31, 1963. The operation revealed a ruptured lumbar disk, which was removed at the L5-S1 level. The results of the operation were very gratifying, but the record discloses that, at the time of the hearing before the Workmen’s Compensation Commission, Dr. Ogle had not released appellee to return to work.
Appellee submits in his brief that the issue presented to the Commission was whether or not there was a causal connection between appellee’s employment and his injury of September 30, 1963. Ap-pellee does not contend that anything connected with his employment caused him to cough at the time of his injury. He does contend, however, that “the injury arose out of the employment in that the *628 position that appellee was required to be in in driving the truck made it more likely for the injury to occur in that it put more strain on his hack or more pressure on his spine and precipitated or combined with the cough to precipitate the injury.”
The attorney referee found that there was a causal connection between appellee’s employment and his injury of September 30, 1963, and that, at the time of the hearing appellee was temporarily totally disabled. The majority of the Commission reversed the decision of the attorney referee, holding that the record was totally silent as to the reason for Mr. Hall’s coughing or sneezing; that “there is no allegation that sun suddenly got in his eyes, that he inhaled any noxious fumes or any other thing that would ordinarily cause one to sneeze. Certainly there is no showing that any part of his employment caused him to sneeze. * * * ”
The Commission further held: “It appears beyond dispute that the claimant had a physical mechanism within the physical structure of his back that was ready to be triggered and that the sneezing triggered the mechanism, thereby causing the disability.”
The Commission found in its order that “Dr. Ogle was of the opinion that the position in which claimant was sitting, while driving the truck, at the time he coughed was an ideal situation for the production of a ruptured disc; however, he did not, in the opinion of the Majority Commission, believe that a normal man would ever suffer a ruptured disc merely because he happened to sneeze.”
Due to a typographical error, or to inadvertence, the Commission’s order credits Dr. Ogle with advancing the opinion, when, in fact, it was Dr. Schultz’s opinion which led the Commission to find: “It appears to the Majority Commission that Dr. Ogle (Schultz) was of the opinion that the condition of the claimant was due primarily to a degenerative interver-tebral disc which had pre-existed the date of the alleged accidental injury and that the coughing or sneezing, which the Majority of the Commission believes is totally unrelated to the employment, was the straw that broke the camel’s back.”
The Commission’s order concludes that the overwhelming weight of the evidence does not show that the accident arose out of the employment. The mere fact that this Court on numerous occasions has held that an employee suffered a disability while engaged in the services of the employer did not make the case compensable.
The Commission, therefore, set aside the award of the attorney referee, denied compensation and dismissed the cause. The Circuit Court of Lee County, on appeal, without stating any reasons, reversed the Commission and reinstated the order of the attorney referee. Hence comes this appeal.
Appellant assigns as error the action of the circuit court in reversing the holding of the Commission that the claimant did not sustain an accidental injury which arose out of his employment. The dominant question presented here is whether or not the Commission’s holding that the accident did not arise out of the claimant’s employment is supported by substantial evidence. The record conclusively establishes the fact that the appellee, at the time of the incident, was suffering either from a ruptured disk which, up to that time, had not caused any pain or showed any symptoms, or a disk degenerated to such a degree that its rupture was imminent. Contrary to the contentions of the ap-pellee, the testimony as disclosed in the depositions of Dr. Ogle and Dr. Schultz is not corroborative, but is conflicting.
Dr. Ogle in substance testified that the position in which appellee was required to be when driving the truck was a cause or contributing factor toward the rupturing of the disk. This doctor thought that *629 the jack-knife position of the appellee’s body, with the attendant sneeze or cough “is an ideal situation for the production of ruptured discs in the low back.” Dr. Ogle stated that the sitting attitude primarily is the feature of importance and it did not make any difference whether a person was sitting in a chair or driving a truck.
In contrast to this, Dr. Schultz testified that, in his opinion, a person would not be more likely to rupture a disk by coughing or sneezing while in a sitting position than he would in any other position, except lying in bed. Dr. Schultz positively stated that in his opinion sitting in a truck, driving a truck, was not a contributing cause to the rupture of the disk. Dr. Schultz testified: “I certainly don’t feel that truck driving per se had anything more in the production of this man’s symptoms than carrying a bucket of water.” Dr. Schultz further testified that a person “is more likely to get in trouble when he has weight upon the spine, so in a standing position or sitting position, he is more vulnerable to trouble than if he were, say, lying in bed.” Dr. Schultz also stated that standing in an upright position would put more weight on the spine than sitting, and that the likelihood of a disk rupture would be greater if a person were standing than if he were sitting. Dr. Schultz stated: “Well, to reiterate, if this man had a normal back, no amount of coughing in any position would cause him to rupture a normal disc. So he had a diseased disc to begin with, and symptoms arising from it could arise at any time or place in carrying out any bodily function, and I feel that certainly 99 per cent of this man’s trouble was pre-existing, because I just don’t feel from my experience, knowing the anatomy and having treated thousands of people like this, that the creation of a ruptured disc is possible in this manner.”
Further testimony of Dr. Schultz reveals the following:
“Q And do you feel like the other one per cent would be related to the coughing or sneezing episode, as related?
“A If yott have to put it on a percentage basis, I would say yes.
“Q And you would not attribute any contributing percentage to the sitting in the truck?
“A No, other than what I have already said in my previous statement — that individuals who develop back trouble are more apt to be erect than they are lying down. In other words, they have pressure upon their spine to begin with, whether they are standing or sitting, bending, or whatever they may be doing.
“Q Yes, sir. Well, in other words, do you feel that the sitting in the truck, driving the truck, as related, was a contributing case?
“A No.”
The testimony of Dr. Schultz that there was a pre-existing ruptured disk is substantiated by the testimony of Dr. A. J. Stacey, a radiologist, who testified that the x-rays taken on September 30, 1963, of appellee’s lumbar spine showed narrowing of the interspace between L-5 and S-l and also showed sclerotic changes and hypertrophic spurring on the adjacent margins of the bodies of D-5 and S-l. Dr. Stacey further testified that the narrowing of the space between 1^5 and S-l and the arthritis and sclerotic changes on the bodies of 1^-5 and S-l would cause one to question whether or not the interver-tebral disk at this level had been partially ruptured and that this rupture would have had to pre-exist for a period of more than a few days.
The testimony in the record was, if not overwhelming, amply substantial to support the Commission’s finding that the *630 condition' of the appellee was primarily due to a degenerated intervertebral disk which had pre-existed the date of the claimed accidental injury; that the cough or sneeze was completely unrelated to the employment; that the accident did not arise out of the appellee’s employment.
It is clear that the Commission’s finding that there was no causal connection between appellee’s employment and his disability, even though the disability occurred while he was on the job driving the truck, was substantiated by the evidence. The mere fact that the disability occurred while he was on the job did not, under our interpretation of the Mississippi Workmen’s Compensation Act, create a compensable injury. Union Producing Co. v. Dependents of Simpson, 251 Miss. 183, 168 So.2d 808 (1964); Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So.2d 674 (1959); Welborn v. Joe N. Miles & Sons Lbr. Co., 231 Miss. 827, 97 So.2d 734 (1957); Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So.2d 221 (1954); 1 Larson, Workmen’s Compensation Law § 12.20 at p. 192.41-192.47 (1964).
The cases of Pearson v. Dixie Elec. Power Ass’n, 219 Miss. 884, 70 So.2d 6 (1954), and Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So.2d 356 (1953), which hold that the fact that an employee could have sustained the injury at home or in a rocking chair or lying on a bed does not prevent the injury from being compensable if it occurs on the job as a result of a strain or exertion on the job, are easily distinguishable from the Union Producing Company case, supra, and the case at bar, and afford appellee no benefit.
In the case at bar there was no exertion, no strain, on the job. The appellee merely sneezed or coughed, unrelated to his employment. We hold that the Commission was justified in determining that the evidence failed to establish the fact that the accident arose out of appellee’s employment.
We have repeatedly held that the Commission is the finder of fact and if its finding is supported by substantial testimony it will not be overturned. El Patio Motor Court, Inc. v. Dependents of Long, 242 Miss. 294, 134 So.2d 437 (1961); I. B. S. Mfg. Co. v. Dependents of Cook, 241 Miss. 256, 130 So.2d 557 (1961); Cole v. Superior Coach Corp., 234 Miss. 287, 106 So.2d 71 (1958). Consideration of the positional risk theory is unnecessary in the proper disposition of this case.
For the foregoing reasons, the judgment of the circuit court is hereby reversed and the order of the Commission is reinstated denying compensation and dismissing this cause.
Judgment reversed and claim dismissed-
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.