559 So.2d 1019 (1990)
Pearly Marion SMITH
v.
CONTAINER GENERAL CORPORATION and Northbrook Property and Casualty Insurance Company.
No. 07-CC-58803.
Supreme Court of Mississippi.
April 4, 1990.
*1020 Thomas D. Berry, Jr., Gulfport, for appellant.
David L. Cobb, Bryan Nelson Allen Schroeder & Cobb, Mark W. Garriga, Bryan Nelson Allen Firm, Gulfport, for appellees.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
This is an appeal from a judgment rendered in a workers' compensation case from the Circuit Court of the First Judicial District of Harrison County, the Honorable Kosta Vlahos, presiding, affirming a decision of the Mississippi Workers' Compensation Commission. In that decision, the Commission ruled that an employee, Pearly Marion Smith, was not entitled to workers' compensation benefits in connection with an idiopathic fall caused by an alcohol withdrawal seizure while on the job at Container General Corporation. From this adverse judgment, Pearly Marion Smith appeals to this Court. Finding that the lower court erred in its application of the law, we reverse and remand.
On March 24, 1983, Pearly Marion Smith (Pearly) suffered a fractured left elbow while on the job at the Chattanooga Glass Company, currently the Container General Corporation (Container). Because of these injuries, Pearly was disabled for a period of time and received workers' compensation benefits until his return to work in December, 1983. On February 29, 1984, while on the job at Container, Pearly fell at work. It is from this second accident that the current dispute arises.
As to this second accident, the parties have stipulated the following:
1. That Pearly Smith fell while working on February 29, 1984, as a result of alcohol withdrawal syndrome.
2. That the floor area where Pearly Smith worked consisted of an approximately three foot wide rubber mat covering a concrete floor upon which the workers stood.
3. That there was a wooden pallet approximately five to six inches high next to Pearly Smith.
4. That when Pearly Smith fell, his right shoulder struck the wooden pallet prior to striking the concrete; that Pearly Smith did not land on the rubber mat upon which the workers stood.
5. That Pearly Smith's ribs which were found to be fractured on February 29, 1984, were possibly fractured when CPR or artificial respiration was administered by one of Smith's fellow workers in an effort to get Mr. Smith to breath.
*1021 Based upon the evidence presented, the administrative law judge determined that Pearly's injuries were caused by risk, or condition, personal to Pearly, namely, alcohol withdrawal syndrome and rejected his claim for benefits. This finding was adopted by the Mississippi Workers' Compensation Commission on February 11, 1986. On April 28, 1987, the Circuit Court of Harrison County, First Judicial District, issued an order which affirmed the Commission's finding.

I.

DID THE COMMISSION ERR IN ITS APPLICATION OF LAW?
Pearly argues that the Commission erred in its determination that the injuries sustained in the February 29, 1984, fall were not causally related to his employment. Our jurisprudence has clearly established this Court's scope of review in a workers' compensation case. Recently in the case of Quitman Knitting Mill v. Smith, 540 So.2d 623, 626-627 (Miss. 1989), quoting from Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss. 1988), this Court stated:
The Workers' Compensation Commission is the trier and finder of facts in a compensation claim, the findings of the Administrative Law Judge to the contrary notwithstanding. See, Dunn, Mississippi Workers' Compensation § 284 (3d Ed. 1982)... . this Court will reverse the Commission's order only if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence.
The current statutory language of § 71-3-3(b), Mississippi Code Annotated (1972), as Amended, provides:
"Injury" means accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner.
At the time of Pearly's fall, § 71-3-3(b), Mississippi Code Annotated (1972), in pertinent part, provided, "`Injury' means accidental injury or accidental death arising out of and in the course of employment... . ."
Of relevance to our analysis, § 71-3-7, Mississippi Code Annotated (1972), provides in part, "Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to cause of the injury or occupational disease."
Generally, "arising out of and in the course of employment" has been interpreted as requiring a causal connection between the injury and the conditions under which the work is required to be performed. See Dunn, Mississippi Workmens' Compensation, § 156 (3d Ed. 1982); Earnest v. Interstate Life and Acc. Ins. Co., 238 Miss. 648, 119 So.2d 782 (1960).
Counsel for Container cites Malone & Hyde of Tupelo, Inc. v. Hall, 183 So.2d 626 (Miss. 1966), for the proposition that because an injury occurs while the claimant is on the job, the situs of the injury alone does not necessarily imply that the injury is compensable under the Workers' Compensation Act. In that case, the claimant suffered injury to his lower back after he coughed or sneezed while driving a truck for his employer. In reinstating the finding of the Commission that there was no causal connection between the claimant's employment and his disability, this Court stated:
The testimony in the record was, if not overwhelming, amply substantial to support the Commission's finding that the condition of the appellee was primarily due to a degenerated intervertebral disk which had pre-existed the date of the claimed injury; that the cough or sneeze was completely unrelated to the employment.
183 So.2d at 629-630.
The situation in Malone & Hyde is clearly distinguishable from the one at hand. In that case, the claimant's injury was in no way causally connected to his employment. In this case, Pearly's alleged injuries were caused from falling upon and *1022 striking his employer's floor. In the former case, it was not a work related risk which caused that claimant's back injury. In the current case, the employer's floor provided the risk.
Controlling authority for Pearly's position is found in Chapman, Dependents of v. Hanson Scale Co., 495 So.2d 1357, 1360-1361 (Miss. 1986). In that case, a worker died on the job as a result of an idiopathic fall and fatally striking his head upon the concrete floor on his employer's premises. Evidence suggested that the fall was a result of a grand mal seizure. The Commission adopted the Administrative Judge's finding that the worker's death was not causally related to his employment and was the product of a grand mal seizure. The circuit court affirmed. However, in reversing and holding this accident to be compensable, this Court stated:
Injury or death arises out of and in the course of employment even when the employment merely aggravates, accelerates or contributes to the injury. See Dunn, Mississippi Workers' Compensation § 164 (3d Ed. 1982).
A familiar concept in workers' compensation law is that the employer takes the worker as the worker is found  with all the strengths and weaknesses the worker brings to the job. If a lame worker suffers an employment fall and is injured, the injury is said to arise out of and in the course of employment under the same test for workers not lame ... if an awkward worker stumbles and falls, the rule is the same as if the worker were agile. (Citations omitted).
The facts presented in Chapman and in the case at hand are strikingly similar. In Chapman, the decedent fell as a result of a grand mal seizure and struck his head on the concrete floor. In the current case, Pearly fell as a result of alcohol withdrawal syndrome, striking a wooden pallet before striking the concrete floor. This Court in Chapman stated:
Without contradiction Chapman's death was caused when his head struck the concrete floor of his employer's premises. We regard the floor as an appurtenance of the employer's premises the same as any other piece of equipment. Both are collisions by the worker with an appurtenance of the employment, both are encounters by the worker with an employment risk, both contribute to the injury ... and as a matter of law both arise out of and in the course of employment. (Emphasis supplied).
495 So.2d at 1360.
Without doubt, the Commission failed in its application of the law in evaluating this claim and this error prejudiced Pearly. Chapman established as a basic tenet of Workers' Compensation law in Mississippi that any injury sustained by an employee resulting from a fall upon a work premise floor is a confrontation with a condition of employment which contributed to the employee's injury and "arises out of and in the course of employment" as a matter of law.
Pearly's accident arose under the pre-1988 definition of "injury" and it is from that perspective that this decision is made. However, nothing in § 71-3-3, Mississippi Code Annotated (1972), as Amended in 1988, alters this Court's view. In the case of such a fall as experienced by Pearly, "the employment in a significant manner" contributed to or aggravated the injury.

II.

REGARDLESS OF THE LAW APPLIED, WAS THE COMMISSION'S DECISION A PROPER ONE SUPPORTED BY SUBSTANTIAL EVIDENCE?
Container urges that regardless of whether the Commission applied an erroneous view of Mississippi law in deciding this case, it nonetheless reached the proper decision and that this finding should be upheld as it is supported by substantial evidence. They further assert that Pearly failed to show an industrial injury and that the Commission's order which is supported by substantial evidence should be affirmed.
The record reveals conflicting medical testimony regarding the extent of Pearly's disability and whether this alleged disability resulted from the fall at work. For *1023 example, Dr. Quigley testified by deposition that the physical injuries sustained by Pearly in the fall would have only required several days of hospitalization and that the disability from the fracture of the neck and right humerus would only limit his activity from four to six weeks. He said that full work could have taken place from six to eight weeks from the fall and that Pearly would not have suffered permanent disability from the physical injuries sustained in the fall.
On the other hand, Dr. Collins testified that there was a sixteen percent (16%) impairment of Pearly's upper right extremity based upon loss of range and motion of the right shoulder joint and based on the AMA tables in their estimation in reference to whole man impairment, the sixteen percent (16%) would be the equivalent whole man value to ten percent (10%). He also admitted that Pearly would have more trouble with his left elbow and with his lung condition than he would from the right shoulder injury sustained in the fall. By his own admission, Pearly stated that emphysema was preventing him from returning to his previous job duties at Container.
The medical evidence supports each side's position. However, because the findings of fact as adopted by the Administrative Judge (and subsequently by the Full Commission and Circuit Court) were based upon an erroneous view of our law, the conflicting medical views were left dangling. Upon remand, the Full Commission, as the trier of fact, would be well advised to specifically resolve this conflict in its findings of fact. Furthermore, should the issue of apportionment arise on remand, the Full Commission is directed to Miller Transporters, Inc., et al. v. Guthrie, 554 So.2d 917 (Miss. 1989); Stuart's, Inc. v. Brown, 543 So.2d 649 (Miss. 1989), and Chapman, 495 So.2d at 1361 (Miss. 1986), for guidance.

III.

SHOULD PEARLY HAVE BEEN GIVEN THE OPPORTUNITY TO INTRODUCE ADDITIONAL EVIDENCE CONCERNING LOSS OF WAGE EARNING CAPACITY?
Pearly alleges that the administrative judge erred in overruling his Motion to Offer Additional Evidence. Through this motion Pearly sought to submit additional testimony to show loss of wage earning capacity. He asserts that the administrative judge overruled this motion because he had already decided to rule adversely to Pearly and that any additional testimony concerning loss of wage capacity would, therefore, be fruitless.
Container argues that there was no abuse of discretion in refusing to reopen the case for consideration of the additional evidence. It is their position that because Pearly did not establish any loss of wage earning capacity, he failed to present an essential component for a compensable claim and, as such, his claim for benefits was properly denied. They point out that the decision of whether to reopen a case or not is one which is purely discretionary with the Commission and that the Commission's Order will not be reversed absent a clear abuse of discretion. West's Estate v. Southern Bell Telephone and Telegraph Company, 228 Miss. 890, 90 So.2d 1, 2 (1956); Ainsworth v. Long-Bell Lumber Company, 233 Miss. 38, 101 So.2d 100 (1958); Druey v. Ingalls Shipbuilding Corporation, 237 Miss. 277, 114 So.2d 772, 774 (1959).
A review of the record reveals that the hearing on this matter was held on August 7, 1984. Pearly's attorney, by letter to the Commission on November 16, 1984, requested that a stipulation be added to the record and informed them that he had "rested their case and [would] now await Judge Thornton's decision." On February 1, 1985, Pearly's counsel made a motion to offer additional evidence regarding loss of wage earning capacity. On March 4, 1985, both this motion and Pearly's claim for benefits in connection with his idiopathic fall were rejected.
While Mississippi jurisprudence has not produced a case precisely on point on this issue, in Wells-Lamont Corporation v. Watkins, 247 Miss. 379, 388, 151 So.2d 600, *1024 604 (1963) this Court recognized, "The right to reopen proceedings for the purpose of introducing testimony inadvertently omitted has been liberally allowed, even in criminal trials on formal hearing. (Citations omitted)."
In Wells-Lamont the claimant announced that she rested her case, expecting the testimony of the doctor who performed her surgery to be presented to the attorney-referee through her employer, who had given notice that it would call the doctor to testify. However, the doctor was not called and her claim was dismissed. The Commission affirmed the attorney-referee's decision and the circuit court reversed stating that the Commission has a duty to fully develop the issues involved between the parties and to admit additional testimony. In affirming the circuit court and remanding the case for further proceedings, this Court observed:
It may be said as a general rule that the right to reopen proceedings to take further evidence in workmen's proceedings is within the sound discretion of the hearing officer. In the instant case, we are of the opinion that the attorney-referee should not have dismissed the claim until it had been fully developed, and we are of the further opinion that the Workers' Compensation Commission should have admitted the introduction of the testimony. (Citations omitted).
151 So.2d at 604.
Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So.2d 789 (1953), was a workers' compensation proceeding in which the attorney-referee denied the worker's claim. In holding that the claimant had higher weekly earnings after the injury than he had prior to the injury, the attorney-referee refused to hear other evidence relating to an increase in general wage levels since the claimant's accident. This Court reversed and remanded for further consideration, instructing, "There was no proof on a number of these elements. Everything considered we believe that justice requires that this matter be reconsidered." 61 So.2d at 792.
The current record indicates that Pearly's attorney simply failed to put on the necessary evidence to substantiate a claim for lost wages. However, given the critical nature of this testimony, this Court's traditional approach in allowing cases to be reopened for the purpose of introducing critical testimony, and the duty imposed upon the commission to fully develop the issues between the parties in a workers' compensation dispute, "justice requires that this matter be reconsidered." As such, this cause is reversed and remanded with an order directing the lower court (and ultimately the Commission) to allow the submission of additional proof as to loss of wage earning capacity so that this claim may be fully and finally adjudicated.
For the foregoing reasons, this case is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J. and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.