ROY NOBLE LEE, Chief Justice,
for the COURT:
Douglas and Lomason, Employer, and Michigan Mutual Insurance Company, Carrier, appeal from a judgment of the Circuit Court of the Second Judicial District of Bolivar County, Mississippi, affirming the order of the Workers’ Compensation Commission, which reopened the claim of John H. Freeman and awarded permanent total disability benefits to him. The appellants present the following issues for consideration by this Court:
I. WHETHER THE COMMISSION ERRED IN ALLOWING THE CLAIMANT TO REOPEN THE CASE UNDER MISS. CODE ANN. § 71-3-53 IN ORDER TO PRESENT TESTIMONY SHOWING A LOSS OF WAGE-EARNING CAPACITY?
II. ASSUMING THAT THE COMMISSION ACTED PROPERLY IN ALLOWING THE CLAIMANT TO REOPEN, WHETHER THE COMMISSION ERRED IN REFUSING TO ALLOW THE EMPLOYER AND CARRIER TO REOPEN TO REBUT CLAIMANT’S EVIDENCE OF LOST WAGE-EARNING CAPACITY?
FACTS
Claimant filed a motion with the Workers’ Compensation Commission on March 4, 1980, to controvert his claim that he suffered a compensable injury while working at Douglas and Lomason Company (D & L) on August 24, 1979. The Administrative Law Judge (ALJ) held a hearing on the claim on May 28, 1980, and found that the injury was compensable and awarded temporary total disability and medical benefits. The Full Commission entered an order affirming the findings of the AU on February 12, 1981, and there was no appeal from that order of the Commission.
The AU scheduled a further hearing to take place on January 4, 1984, in order to determine the existence and extent of permanent disability. At the hearing, it was established that the claimant was a 35 year old man who had a seventh grade education. He had worked at D & L for at least six years and, previous to that time, had driven trucks and tractors. He had not worked at all since the date of his injury. According to claimant, he had not returned to work because he was still having leg and back pain and did not feel able to do the same work that he was doing prior to the injury. He testified that a Mr. Keeton at D & L had told him that he could come back to work whenever he was ready.
The parties stipulated that claimant had reached maximum medical recovery on April 1, 1983, and that he had suffered a fifteen percent (15%) permanent partial medical disability. They further stipulated that the only issue to be decided was the existence of an occupational disability.
The claimant testified that he had sought no employment since reaching maximum medical recovery. The only testimony that he had sought employment was his statement to D & L’s attorney that he had gone to the employment office about two years ago and prior to his back surgery in 1982. The only evidence offered at the hearing to support a finding that the claimant had sustained a permanent occupational disability was his own testimony.
At the close of the evidence, D & L’s attorney moved for judgment in its favor on the ground that claimant had failed to make a prima facie case. Claimant’s attorney argued that claimant’s own testimony that he had lost his wage-earning capacity was sufficient to make out a prima facie case and that it was then the employer’s duty to rebut that prima facie case.
Based on the fact that claimant had not sought employment, the AU issued an order on July 20, 1984, denying the claimant any permanent disability benefits. Claimant did not seek review by the Full Commission. However, on July 19, 1985, claimant filed an application with the Commission to reopen his case. Pursuant to Miss. Code Ann. (1972), § 71-3-53, claimant asked that the Commission reopen his case based on a change in condition, and alleged that he was in need of additional medical *126 care, which had been denied by the employer and carrier. Of course, D & L promptly opposed the application.
A hearing was set for January 22, 1986. The notice of hearing sent to the parties stated that the hearing would be limited solely to the issues reflected by the pleadings. Prior to that date, D & L propounded interrogatories to the claimant seeking to discover the nature of the changes alleged by claimant.
At the outset of the hearing, the AU made the following statement:
“[T]his matter comes on for hearing upon the motion of the claimant to reopen this matter on the basis of a mistake of fact and/or change of condition relating to the claimant’s medical disability and loss of wage earning capacity. The issues will be limited to this particular issue, or these issues.”
Both parties agreed that the statement was correct. Before any testimony was taken, D & L objected to the entire proceedings, and asked for judgment on the pleadings. The AU denied any relief and testimony was taken.
Claimant testified that he continued to have pain in his back and legs about every day and that he needed to see a doctor but he could not pay for one; that his back and legs were weaker now than they were at the earlier hearing; that he thought that he could go to work, but at a lighter job than he had before; that he had tried to find work with a number of different employers and had consulted the Mississippi Employment Service and a state Vocational Rehabilitation counselor but that no one would hire him. He had talked to Ms. Haynes, the new personnel director at D & L and she told him he no longer had a job there. On cross-examination, claimant admitted that he had filed a grievance with his union at D & L because of the refusal to rehire him, and that his grievance was dismissed by the union as having no merit. He also admitted that he had not sought work at all until his workers' compensation claim was denied.
Evereth Stanton, Director of Public Works for the City of Shaw, testified that he was in a position to hire employees, and that claimant had applied for a job with his department. He said that he did not hire him because he knew of his physical problems and feared that he would be unable to do the work. Clifton Courtney testified that he was the principal at McEvans School, and that claimant had applied with him for a job. Courtney testified that no positions were open when claimant asked for a job. Sylvester Kyles testified that claimant asked him for a job at the apartment complex Kyles managed and that he had a job open, but that he did not hire claimant because he knew of his condition and did not think that claimant could do the work.
D & L put on no witnesses at the hearing.
After the hearing, on January 30, 1986, the deposition of Dr. Richard W. Naef was taken at claimant’s request. Dr. Naef stated that he thought the claimant was not quite as ill as the last time he had seen him, in 1982. He further stated that while he had thought in 1982 that claimant’s medical disability was in the ten to twenty percent range, probably closest to twenty percent, he now thought that the rating was closer to the ten percent figure.
On June 5, 1986, the AU released his order. He not only found that claimant was entitled to reopen, but also found that claimant had presented sufficient evidence to justify an award of permanent total loss of wage-earning capacity. He awarded claimant ninety dollars ($90.00) per week for 450 weeks and further ordered D & L and carrier to provide medical services and supplies to claimant.
D & L promptly appealed the AU’s order to the Full Commission, alleging that the order was in error in that there had been no change in condition shown and further that the AU’s decision had gone beyond the scope of the hearing. D & L alleged that the hearing had been intended only to determine whether to reopen at all, not as a final determination on the merits of the claim of permanent disability. Alternatively, D & L asked that the case once *127 again be reopened to allow them to rebut claimant’s evidence of permanent total disability. By order dated November 17, 1986, the Full Commission upheld the order of the ALJ in its entirety. D & L appealed to the Circuit Court for the Second Judicial District of Bolivar County, which affirmed the decision of the Full Commission on March 6, 1989.
LAW
I. and II.
The employer/carrier, appellants, contend that the Commission erred in allowing claimant to open his claim after the order of July 20, 1984, which denied permanent partial disability benefits. The claimant did not seek review by the Full Commission, but on July 19, 1985, he filed an application with the Commission to reopen his case pursuant to Miss.Code Ann. § 71-3-53 which provides in part:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may ... at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
The claimant here concedes that there existed no mistake of fact to justify reopening. Therefore, his contention rests upon whether or not there existed a change in condition, which would justify reopening the claim.
Both of the parties point to the case of North Mississippi Medical Center v. Henton, 317 So.2d 373 (Miss.1975) in support of their positions. That case is similar factually to the case at bar. Henton failed to prove that her situation supported an award of permanent benefits because no loss of wage-earning capacity was shown. No appeal was taken from that decision of the Commission and within one year, as here, the claimant petitioned the Commission to reopen her case. She alleged that she had sought other employment, including employment with her old employer, and had been unable to find any. At the hearing, she offered no additional medical evidence to support her position and apparently offered no specific testimony that she had been refused employment with anyone because of her condition. The Court held that the Commission had not abused its discretion in refusing to reopen the case; that claimant had the burden of proof on change in condition; and that she had failed to meet it, since she presented no evidence of either change in physical condition or in employability.
In Sardis Luggage Co. v. Wilson, 374 So.2d 826 (Miss.1979), the claimant failed to put on proof of loss of wage-earning capacity at the hearing on her claim. This Court reversed the Commission’s award of compensation but stated in dictum, “[w]e would like to point out that under Miss.Code Ann. § 71-3-53 (1972), the claimant may petition to reopen the cause within one year from the date this judgment becomes final for the purpose of putting on proof, if any she has, of loss of wage-earning capacity.” Sardis Luggage, at 829. See also Thompson v. Wells-Lamont Corp., 362 So.2d 638 (Miss.1978).
The above statement in dictum from Sar-dis Luggage should not be relied upon by the bench and bar for the proposition that any claimant may petition to reopen within one year because it fails to point out that there must be: (1) a change in conditions, or, (2) a mistake in a determination of fact.
The state of Florida has a statute on reopening which is substantially similar to the Mississippi statute, except that it allows reopening within two years. Fla.Stat. Ann. § 440.28. In Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla.App.1982), the Florida Court of Appeals indicated that a subsequent decrease in wage-earning capacity was by itself sufficient grounds for reopening. Subsequently, the same Court of Appeals clarified its ruling in Kurtz Plumbing & Heating, Inc. v. Lyons, 465 So.2d 635 (Fla.App.1985). There, the court said, unequivocally, that a subsequent adequate job search, standing alone, was insuf *128 ficient grounds for modification based on a change of circumstances. That court did allow modification in Kurtz because the claimant’s physical condition had also deteriorated.
The appellants contend also that the Commission erred in refusing to allow them to reopen in order to rebut claimant’s evidence of lost wage-earning capacity.
The question of reopening now is different from reopening under § 71-3-53. The question here is not whether the Commission should allow reopening after final judgment has been entered, but whether it should have permitted reopening after the evidence was closed and before it entered final judgment. The right to reopen in such a situation is within the discretion of the Commission. Smith v. Container General Corp., 559 So.2d 1019 (Miss.1990); Wells-Lamont Corp. v. Watkins, 247 Miss. 379, 151 So.2d 600 (1963).
In Smith, the claimant’s attorney asked that the hearing be reopened to allow him to put on evidence of lost wage-earning capacity. Apparently he had failed to put on that part of his evidence, but he realized his mistake before final judgment was entered by the Commission, which did not permit the reopening. This Court found that the Commission abused its discretion in refusing to reopen the hearing and allow the testimony stating that “justice requires that this matter be reconsidered.” This Court reversed and gave instructions to the Commission to reopen the case and allow the proof.
In Day Detectives, Inc. v. Savell, 291 So.2d 716 (Miss.1974), the Court considered whether a Workers’ Compensation case should be reopened before final judgment was entered. The claimant there failed to present medical evidence to support his claim that a heart attack arose out of and in the course of his employment. His attorney rested after the claimant’s own testimony, based on the erroneous belief that the claimant’s testimony created a presumption that the injury arose out of and in the course of employment. The hearing was recessed by the AU, to be reset at a later date. After the original hearing, the attorney moved that he be allowed to present medical testimony, which was denied. This Court held that the action of the Commission in refusing to reopen to hear the evidence was an abuse of discretion.
The petition to reopen here was set for January 22, 1986. The notice of the hearing sent to the parties indicated that the hearing would be limited solely to the issues reflected by the pleadings. Prior to that date, appellants propounded interrogatories to the claimant seeking to discover the nature of the changes alleged by claimant; At the outset of the hearing, the AU made the following statement:
“[T]his matter comes on for hearing upon the motion of the claimant to reopen this matter on the basis of a mistake of fact and/or change of condition relating to the claimant’s medical disability and loss of wage earning capacity. The issues will be limited to this particular issue, or these issues.”
Before any testimony was taken, appellants objected to the entire proceedings and asked for judgment on the pleadings. After the hearing, on January 30, 1986, the deposition of Dr. Richard W. Neaf was taken at claimant’s request. On June 5, 1986, the AU released his order. He not only found that claimant was entitled to reopen but he also found that claimant had presented sufficient evidence to justify an award of permanent total loss of wage-earning capacity. Appellants promptly appealed the order to the Pull Commission alleging that there had been no change in condition shown and further that the AU’s decision had gone beyond the scope of the hearing; that appellants understood the hearing had been intended only to determine whether to reopen at all, not as a final determination of the merits of the claim of permanent disability; and, alternatively, appellants asked that the case once again be reopened to allow them to rebut claimant’s evidence of permanent total disability. On November 17, 1986, the Commission upheld the order of the AU in its entirety.
We are of the opinion that the Commission abused its discretion in declining to *129 permit the appellants to reopen and present rebuttal testimony. From the framing of the issues on the petition for the claimant to reopen, it can easily be seen that appellants thought that the sole question to determined was whether or not reopening would be permitted. The two issues in the case at bar are so interwoven and dependent upon each other that we are unable to conclude at this point whether the Commission erred in allowing claimant to reopen his claim.
The judgment of the lower court is reversed, the order of the Workers’ Compensation Commission is vacated and this cause is remanded to the Commission for further action consistent with this opinion.
COMMISSION ORDER VACATED AND REMANDED TO THE WORKERS’ COMPENSATION COMMISSION.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., dissents with written opinion to follow.