GRIFFIS, J., for the Court.
¶ 1. The claimant, Susan Stevenson, moved to reopen her workers’ compensation claim after a settlement with North Mississippi Medical Center (“NMMC”) because of a mistake in fact and/or a change in conditions. The administrative law judge (“ALJ”) determined that Stevenson had failed to prove a causal connection between her work-related injury and subsequent surgery, and that she had failed to prove a change in condition. The Mississippi Worker’s Compensation Commission (“Commission”) affirmed the ALJ’s decision. Stevenson appealed to the Lee County Circuit Court and argued that: (1) the Commission erroneously found that there was no mistake in determination of fact about her work-related injury; (2) the Commission erroneously found that she had failed to show a change in condition; and (3) her request to depose Dr. Hunt Bobo was improperly denied. The circuit court reversed the Commission. NMMC’s appeal of the circuit court’s judgment has *1151 been deflected to this Court by the Mississippi Supreme Court. Finding reversible error, we reverse the judgment of the circuit court and render judgment to reinstate the Commission’s decision.
FACTS
¶ 2. On July 13, 2003, Stevenson suffered a lower back injury while on the job at NMMC. Dr. Bobo, a neurosurgeon, treated Stevenson for her injury. On February 24, 2004, Dr. Bobo stated that he did not anticipate surgery for any of Stevenson’s work-related injuries. However, Dr. Bobo opined that as her arthritis progressed, she would probably develop spinal stenosis and need a laminectomy.
¶ 3. After discovery, including obtaining the pertinent medical records and taking depositions, the parties settled. On July 13, 2005, the Commission approved a 9(i) settlement between the parties, and Stevenson signed a “Release of all Claims.”
¶ 4. Subsequently, based on Stevenson’s ongoing pain, Dr. Bobo ordered a standing myelogram and CT scan. As a result, Dr. Bobo recommended surgery because the standing myelogram showed a complete block at L3-4 and high-grade stenosis at 4-5. Dr. Bobo did not attribute these problems to Stevenson’s work injury. After surgery, Stevenson’s condition improved. This was Stevenson’s third back surgery; she had lumbar surgeries in 1989 and 1998.
¶ 5. On June 29, 2006, Stevenson moved to reopen her case, alleging a mistake in fact and/or a change in condition. The ALJ denied Stevenson’s motion because: (1) Dr. Bobo’s notes did not indicate a causal connection between her work-related injury and her surgery, and (2) she failed to prove that her condition in 2006 had changed from that at the time she settled her work-related condition in 2005.
¶ 6. Stevenson appealed the ALJ’s decision to the Commission and, additionally, filed a motion to depose Dr. Bobo. Without issuing an opinion, the Commission affirmed the ALJ’s decision and denied Stevenson’s motion to depose Dr. Bobo. Stevenson appealed the Commission’s decision to the Lee County Circuit Court. The circuit court reversed the findings of the Commission. It is from the circuit court’s judgment that NMMC appeals.
STANDARD OF REVIEW
¶ 7. This Court’s scope of review in workers’ compensation cases is limited to a determination of whether the decision of the Commission is supported by substantial evidence. Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(¶ 7) (Miss.Ct.App.1999). The Commission sits as the ultimate finder of fact; its findings are subject to normal, deferential standards upon review. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). We will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious. Westmoreland, 752 So.2d at 448(¶ 8); Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1225 (Miss.1997).
¶ 8. “[A] finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.” J.R. Logging v. Halford, 765 So.2d 580, 583(¶ 13) (Miss.Ct.App.2000). “Where no evidence or only a scintilla of evidence supports a Worker’s Compensation Commission decision, this Court does not hesitate to reverse.” Foamex Prods., Inc. v. *1152 Simons, 822 So.2d 1050, 1053(¶ 11) (Miss.Ct.App.2002).
ANALYSIS

1. Whether the Commission erroneously found that there was no mistake in determination of fact about Stevenson’s work-related injury.

¶ 9. Stevenson claims that there was a mistake in determination of fact because Dr. Bobo thought no surgery was necessary for her work-related back injury, but she did eventually require surgery. Mississippi Code Annotated section 71-3-53 (Rev.2000) provides:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
¶ 10. Stevenson relies on Bailey Lumber Co. v. Mason, 401 So.2d 696 (Miss.1981) for support that a mistake is sufficient grounds for reopening a settlement. The nature of the mistake in Bailey is very different than the mistake alleged by Stevenson. “The kind of mistake that will warrant reopening is ordinarily a mistake on the part of the fact[-]finder, not on part of one of the witnesses.” Id. at 704. The complainant in Bailey was illiterate and “did not know what was in the most recent reports of his attending physicians.” Id. at 707. The carrier “failed to set forth material facts necessary for the petition to be passed on by the Commission” and “took unfair advantage of the claimant.” Id. (internal quotation omitted). Unlike Bailey, Stevenson can read her reports, where Dr. Bobo plainly stated that he thought that back surgery was probable in her future. NMMC did not withhold information from the Commission to gain approval of the settlement and never took advantage of Stevenson.
¶ 11. In Metal Trims Industries, Inc. v. Stovall, 562 So.2d 1293, 1295 (Miss.1990), the supreme court found a mistake in fact because Stovall’s 9(i) settlement labeled her permanently partially disabled, but in actuality, she was permanently totally disabled. The court also found “the attorney for Stovall was less than candid or complete in dealing with the Commission” which led to the Commission’s mistake about the nature of her disability. Id. at 1297. Stovall proved a causal connection when the surgeon who performed the second surgery “causally relate[d] Stovall’s problems to the work-related injury.” Id. at 1296.
¶ 12. Here, the record reflects that the Commission was fully apprised of all medical facts surrounding Stevenson’s work-related injury and her pre-existing condition when it approved the settlement. Unfortunately, the facts indicate that surgery was a possibility if Stevenson developed spinal stenosis from her pre-existing condition, and ultimately, Stevenson did develop spinal stenosis and required surgery. Therefore, we find the Commission’s ruling that there was no mistake in determination of fact about her work-related injury was supported by substantial evidence.

2. Whether the Commission erroneously found that Stevenson failed to show a change in condition.

¶ 13. The Commission found that Stevenson did not prove that her con *1153 dition in 2006 was a change from her work-related condition at the time she settled, nor did she prove a causal connection between her back condition, which required surgery, and her 2003 work accident. “A change in conditions is usually considered to mean a change in physical conditions due to the original injury which affects an employee’s earning capacity or ability to work.” N. Miss. Med. Ctr. v. Henton, 317 So.2d 373, 375 (Miss.1975). After reviewing the record, we find Stevenson cannot reopen her case based on a change in conditions because she did not show a causal connection between her surgery and her work-related injury.
¶ 14. The trial judge and Stevenson place the burden of proof concerning causation on NMMC, relying on Marshall Durbin Cos. v. Warren, 633 So.2d 1006 (Miss.1994). The supreme court stated:
Once it is shown that a disability was produced by an injury and that the employee continues to be disabled, the presumption is that the disability continues to be causally related to the injury, and the burden of proof is upon the employer to show that the continuing disability is due to some other intervening cause or pre-existing condition for which he is not responsible.
Id. at 1009 (citation omitted).
¶ 15. However, this presumption is inapplicable here, because Warren does not involve the reopening of a claim after a settlement. The “burden is upon the party alleging a change in the claimant’s medical condition to prove that change by a preponderance of the evidence.” J.R. Logging, 765 So.2d at 584(¶ 17). Stevenson had the burden to prove a change in her medical condition, not NMMC.
¶ 16. Dr. Bobo’s records did not causally connect the surgery and the compensa-ble injury, and his pre-settlement notes clearly stated that as Stevenson’s arthritis progressed, she would probably develop spinal stenosis and need additional surgery. Dr. Bobo expected that Stevenson’s pre-existing condition would cause spinal stenosis that would require surgery, and he eventually performed surgery because Stevenson had spinal stenosis. Stevenson failed to causally connect her stenosis with the compensable injury.
¶ 17. We find that the Commission did not err when it refused to reopen Stevenson’s claim, finding that she failed to meet her burden of proof because there was no indication that there was a causal connection between her work-related injury and her need for surgery. Therefore, we do not reach the issue of whether her earning capacity or ability to work has been affected.

3. Whether Stevenson’s request to depose Dr. Bobo was improperly denied.

¶ 18. Stevenson argues that she has never had the opportunity to present Dr. Bobo’s testimony on causal connection because it was not available until after the settlement. However, Stevenson had the opportunity to present evidence at the evi-dentiary hearing before the ALJ. Workers’ Compensation Commission Procedural Rule 9 states that “[a]ll testimony and documentary evidence shall be presented at the evidentiary hearing before the Administrative Judge ... [.] Where additional evidence is offered on the review before the Full Commission, it shall be admitted in the discretion of the Commission.”
¶ 19. Stevenson claims it was error to deny her request to depose Dr. Bobo, relying on Smith v. Container General Corp., 559 So.2d 1019 (Miss.1990). In Smith, Smith made his motion to reopen the case to offer additional evidence to the ALJ, but his motion was overruled. Id. at 1023. *1154 The supreme court reversed and allowed him to introduce additional evidence. Id. at 1024. However, in the present case, Stevenson did not bring her motion to offer additional evidence until her claim was being reviewed by the Commission.
¶ 20. On the Commission’s review, it is within its discretion to accept or deny the offer of new evidence. Rules of Miss. Workers’ Comp. Comm’n, Procedural Rule 9. The rule requires that Stevenson “state with particularity the nature of such evidence, the necessity therefor, and the reason it was not introduced at the evidentia-ry hearing.” Smith, 559 So.2d at 1024. Although she stated the nature of and need for the evidence, Stevenson failed to offer any explanation for her failure to introduce Dr. Bobo’s opinion at the eviden-tiary hearing. We find the Commission did not abuse its discretion when it denied Stevenson’s motion to introduce new evidence.
¶ 21. “If the Commission’s finding of fact and order are supported by substantial evidence, then we are bound by them even though we as fact-finder would have been convinced otherwise.” J.R. Logging, 765 So.2d at 586(¶ 26). Accordingly, we reverse the judgment of the circuit court and render judgment to reinstate the order of the Commission.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS REVERSED, AND JUDGMENT IS RENDERED REINSTATING THE ORDER OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.