830 So.2d 1252 (2002)
Wanda L. Jackson HALE, Appellant,
v.
FLUOR DANIEL CORPORATION and CNA Insurance Corporation, Appellees.
No. 2001-WC-00092-COA.
Court of Appeals of Mississippi.
April 30, 2002.
Rehearing Denied July 23, 2002.
Certiorari Denied November 21, 2002.
*1253 Robert E. O'Dell, Pascagoula, attorney for appellant.
Michael McElhaney, Jr., Pascagoula, attorney for appellees.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
IRVING, J., for the court.
¶ 1. Wanda L. Hale appeals from a decision of the Circuit Court of Jackson County which affirmed the decision of the Workers' Compensation Commission (Commission) finding that Hale did not suffer an injury arising out of and in the course of her employment with Fluor Daniel Corporation. She asserts seven issues, five of which are clustered around the primary issue of whether the Commission erred in its determination that Hale did not suffer a work-related injury. Consequently, we have recast her seven issues into three issues as follows: (1) whether the Commission erred in its finding that Hale did not suffer a work-related injury, (2) whether the Commission erred in denying Hale's motion to allow additional evidence, and (3) whether the Commission's procedures and findings deprived Hale of due process of law.
¶ 2. We find no merit in the issues raised; therefore, we affirm the decision of the trial court which affirmed the decision of the Commission.

FACTS
¶ 3. Wanda Hale filed a petition to controvert against Fluor Daniel Corporation and its workers' compensation carrier, CNA Insurance Corporation, alleging that she injured her lower back at work on February 3, 1997. Specifically, Hale alleged that she was injured when she attempted to lift, and pass to another worker, a come-a-long off a hook on the rear wall of the tool room where she worked. She contends that she suffered an injury to her coccyx. The employer and carrier denied that she suffered a work-related injury. Following a hearing, the administrative law judge appointed to hear the case denied Hale's claim for benefits and dismissed her petition. The administrative law judge determined that Hale had failed to prove by a preponderance of the evidence that she had suffered an injury arising out of and in the course of her employment. Among other things, the administrative law judge noted that Hale's testimony regarding the event of her injury was not corroborated by any witness, but more importantly, disputed by every "other witness who testified at the hearing except her husband and he had no personal knowledge."
¶ 4. Thereafter, Hale filed with the Commission a motion to allow additional evidence. The Commission denied the motion *1254 and affirmed the administrative law judge's decision that Hale did not suffer a work-related injury. This appeal follows Hale's unsuccessful appeal to the Circuit Court of Jackson County of the Commission's decision.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. We first observe that there was substantial uncontradicted medical testimony that Hale was suffering from chronic low back pain and injury to her coccyx. The question is not whether she suffered an injury but whether the injury she suffered arose out of and during the course of her employment. There was considerable testimony regarding Hale's fall from a horse prior to the alleged injury at work. The exact time of the fall from the horse was the subject of considerable dispute. As stated, the Commission determined that Hale did not suffer a work-related injury.
¶ 6. We observe next, that the findings of an administrative agency will be binding on the appellate court so long as they are supported by substantial evidence, are not arbitrary or capricious, are not beyond the scope or power granted to the agency, or violative of one's constitutional rights. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994); Allen v. Mississippi Employment Sec. Comm'n, 639 So.2d 904, 906 (Miss.1994). An appellate court will reverse an order of the Commission only when such order is clearly erroneous and contrary to the overwhelming weight of the evidence. Hedge, 641 So.2d at 12.
1. The Commission's Failure to Find the Existence of a Work-related Injury
¶ 7. Hale properly asserts that she has the initial burden to show by a fair preponderance of the evidence that she suffered an accidental injury arising out of and in the course of her employment with Fluor Daniel and a causal connection between the injury and the death or claimed disability. Id. at 13. "[O]nce the claimant makes out a prima-facie case of disability, the burden of proof shifts to the employer." Id. Hale notes, and we agree, that a pre-existing disease or infirmity does not prevent an injury from "arising out of employment" if the employment aggravated, accelerated, or combined with the disease to produce a disability. Id.
¶ 8. As stated, the Commission affirmed the order of the administrative law judge. In determining that Hale did not suffer any compensable injury, the administrative law judge stated:
The claimant's testimony regarding the event of her injury is not corroborated by any other witness. This alone is not fatal to her case, because the uncorroborated testimony of a claimant can be competent evidence to substantiate a claim, as long as it is found to be credible and trustworthy. See Dunn, Mississippi Worker's Compensation, Section 264, pp. 320-21. And the undisputed testimony of a claimant generally ought to be accepted as true, so long as it is not unreasonable within the factual setting of the claim. White v. Superior Products Inc., 515 So.2d 924, (Miss. 1987). The claimant's problem is that her testimony regarding her injury is not merely disputed, it is disputed by every other witness who testified at the hearing except her husband, and he has no personal knowledge of the events of or surrounding the alleged injury. "[N]egative testimony concerning the cause of injury may be substantial evidence upon which a claim may be denied," White v. Superior at 927, and the *1255 weight of the credible testimony here is substantially negative.
¶ 9. The judge also explained that Deborah Coney and Betty Wood testified that Hale had told each of them that she had fallen from a horse the weekend preceding the date of Hale's alleged injury and there was "nothing in the record to indicate they knew each other." The judge further explained that nothing in the record or in each witness's testimony "indicated that either of them was an unreliable or untrustworthy witness."
¶ 10. Hale contends that the administrative law judge did not follow Hedge in determining that she did not meet her initial burden and that, "by any fair evaluation of the evidence, she clearly made out a prima facie case." As to the injury or soreness suffered in the horseback ride, Hale argues that, in the worse case scenario, the injury or soreness from the horseback ride should be viewed as a preexisting injury which was aggravated by the work-related injury and that the aggravation/combination rule cited in King v. Westinghouse Elec. Corp., 229 Miss. 830, 92 So.2d 209 (1957), should apply. Lastly, Hale argues that the administrative law judge's total reliance on clearly inconsistent and uncertain testimony of Betty Wood and Deborah Coney is incredible because being sore from a horseback ride does nothing to establish the occurrence of any injury to the spine.
¶ 11. Hale asserts that a causal connection was established by Dr. Barnes' testimony when he testified, "I feel that the injury as she described it, a lifting and twisting type injury, could cause the type of pain syndrome that she ended up coming to me to be treated for." When asked, "Did you find anything in your examination or treatment of Hale that was consistent with a twisting or rotating injury," Dr. Holtzman stated, "It's common when you have a pelvic asymmetry associated with muscular spasm and muscular involvement of the hip girdle and the lumbar paraspinals and a twisting and lifting type injury could cause those symptoms and those findings."
¶ 12. Hale argues that the administrative law judge discounted all of the medical opinion evidence as to causation solely because most coccygeal injuries occur from blows or falls. In support of her contention on this point, Hale lifts the following quote from the administrative law judge's opinion:
But when [the doctors] were asked whether in their experience a coccygeal injury such as the claimant's would be more likely to occur in a fall than in a lifting event, the consensus was that a fall or other trauma would be a more likely cause.
Additionally, Hale asserts that the administrative law judge discounted all of the medical opinion evidence because it relied on Hale's history.
¶ 13. On the other hand Fluor points out that Hale's testimony is directly contradicted by Mike McGrath, Debra Coney, Betty Wood and Sue McGuire. Fluor notes that McGrath testified that he did not request a one ton come-a-long. Also, Coney testified that Hale had told her, the weekend before the date in question, that Hale was going horse riding. In addition, Coney testified that the Monday after the incident in question, Hale told Coney that Hale was sore and bruised from a fall during a horse ride. Furthermore, Wood testified that Hale told her that Hale was sore from a fall during a horse ride. McGuire testified that Hale failed to return to work even after a release was faxed from her doctor. Further, Fluor points to the testimony of Dr. Kevin Cooper, Hale's physician, who stated that Hale did not pinpoint the cause of the injury on *1256 her initial visit. Lastly, Fluor notes that while the law should be liberally construed to favor the claimant, a claimant's testimony can be contradicted and that testimony, which contradicts the claimant's testimony, can constitute the substantial evidence on which the Commission denies the claim.
¶ 14. Not surprisingly, Hale disputes the value of these witnesses' testimony and the administrative law judge's reliance there on. For example, Hale contends that Ms. Coney's testimony lacks credibility because Carey Goff, Hale's riding partner, testified that Hale's fall from the horse occurred eleven weeks earlier in November of 1996. Additionally, Hale argues that the administrative law judge's finding that her "testimony regarding the event of her injury is not corroborated by any other witnesses" was absolutely erroneous. She argues that Betty Wood corroborated her testimony during the following colloquy:
Q. What were the injuries she reported to you?
A. Well, she didn't actually report an injury. She was picking up a ton-and-a-half come-a-long for one of the customers. I don't know who it was. And she kind of give [sic] one of those little groans like when you're picking up something slightly heavier than what you're used to picking up. It wasn't like a painful scream or anything. She just kind of grunted when she picked it up, and I kind of talked to her over my shoulder and told her not to do it.
BY ADMINISTRATIVE JUDGE BEST: Pardon me, and let me back up just a minute. Did we not justdid the witness not just testify that she wasn't aware of the claimant getting hurt in the tool room?
Q: Did you understand my question? Did she ever get hurt in the tool room, to your knowledge, in any way?
A: No.
Q: Okay. What about this grunting thing that you talked about? What was that?
A: Well, she had already stated earlier in the evening that she was sore and stoved up from an accident with her horse, and so I thought, well, you know, you have a pulled muscle in your arm, your leg, or whatever. When you go to pick up something heavy, it kind of puts a strain on it. So when she grunted it wasyou know, that was what crossed my mind, and I kind of talked to her over my shoulder and told her, you know, not to do it, that whoever wants the chain fall could come in and get it.
(emphasis added).
¶ 15. Hale asserts that the colloquy set forth above proves that Woods did corroborate her testimony regarding the injury and directs us to Mississippi Code Annotated § 71-3-3(b) (Rev.2000) where "injury" is defined as "accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner."
¶ 16. This Court cannot agree that the quoted colloquy absolutely proves clear error with respect to the administrative law judge's finding that Hale's testimony regarding when the injury incurred was not corroborated. This passage, as well as others already quoted, does not prove that the administrative law judge improperly evaluated Hale's evidence in determining that she did not establish a prima facie case. It may be that different individuals may draw different conclusions from the *1257 quoted passage. However, the Commission is the fact finder, and we are not at liberty to substitute our views for its factual determinations. Most notably, the two witnesses who assigned Hale's injury to falling off a horse the weekend before Hale's alleged work-related injury were perceived by the judge as credible and trustworthy. We affirm on this issue.
¶ 17. Our affirmance of the Commission's finding that Hale did not suffer a work-related injury renders moot all of Hale's remaining issues except her assertions that she was denied due process of law and that her motion for allowance of additional evidence should have been allowed.
2. Denial of Due Process
¶ 18. Hale begins her argument on this issue by quoting a principle noted in Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1010 (Miss.1994), that "doubtful cases must be resolved in favor of compensation, so as to fulfill the beneficent purposes of the statute." Additionally, Hale states that even if this case was "doubtful," a fair construction of the facts requires compensation. Further, Hale contends that the administrative law judge failed to follow the proper procedure for the establishment of a prima facie workers' compensation case.
¶ 19. We have already determined that substantial evidence exists to support the findings of the Commission and that it employed a proper analysis in evaluating Hale's claim. Consequently, Hale was not denied due process simply because the Commission found against her. This issue lacks merit.
3. Motion to Allow Additional Evidence
¶ 20. Upon appealing to the Commission, Hale filed a motion to allow additional evidence. The motion attempted to have the testimonies of Hale's boarders corroborate that Hale had not ridden any horses the weekend before February 3, 1997. The Commission denied this motion. Hale argues that Procedural Rule 9 allows the Commission in its discretion to admit additional evidence. Hale asserts that during the hearing, her Rule 9 motions were not treated as additional evidence but as newly discovered evidence. Hale contends that even though the Commission's decisions are subject to the normal deferential standards, they must still be reasonable.
¶ 21. On the other hand, Fluor argues that the Commission's failure to allow the additional evidence was not an abuse of discretion because Hale did not provide a satisfactory reason to allow the evidence. In the alternative, Fluor contends that the Commission was in the best position to determine the credibility of the witnesses who were present. Allowing the statement of Hale's boarders that she did not fall from a horse the weekend before February 3, 1997, would only open new questions concerning whether she rode at a time when her boarders were present as well as another time when they were either not present or unable to observe all of Hale's movements.
¶ 22. The decision to reopen a workers' compensation case is purely discretionary with the Commission, and the Commission's order will not be reversed absent a clear abuse of discretion. Smith v. Container Gen. Corp., 559 So.2d 1019, 1023 (Miss.1990). We find no abuse here.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1258 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.