ROBERTS, J.,
for the Court:
¶ 1. In 1987, the Mississippi Workers’ Compensation Commission awarded George E. Jackson benefits for Jackson’s asthma, which the Commission concluded had been aggravated by Jackson’s exposure to chemicals during the course of his employment at GSX Polymers Inc. The Commission also ordered GSX to pay Jackson’s ongoing medical expenses. In 2010, GSX moved to discharge its obligation based on new evidence that Jackson’s asthma could not have been caused by his employment at GSX and that any symptoms Jackson exhibited should have subsided no later than three months after Jackson stopped working at GSX. After the administrative judge and the Commission declined to discharge GSX’s obligation to pay Jackson’s medical expenses, the Warren County Circuit Court reversed the Commission’s decision. However, we find the circuit court erred because there was no evidence that GSX’s physician expert based his conclusion on evidence that would not have been available during the original determination. Accordingly, we reverse the judgment of the circuit court, render judgment for Jackson, and reinstate the Commission’s order.
FACTS AND PROCEDURAL HISTORY
¶ 2. Jackson suffered an injury at work in 1987. In 1989, the Commission held that Jackson’s exposure to chemicals in the course of his employment caused or permanently aggravated his asthma. The Commission ordered GSX to pay all of Jackson’s related medical expenses. The Commission also awarded Jackson temporary total disability benefits and permanent partial disability benefits. GSX did not appeal the Commission’s decision.
¶ 3. However, in October 2010, GSX filed a motion to discharge its obligation to continue to pay Jackson’s medical expenses related to asthma. GSX argued that it should not be liable to pay Jackson’s medical expenses because Dr. William Pink-ston, who specializes in pulmonary medicine, had concluded that Jackson’s asthma was genetic and would have subsided between six and twelve weeks after his exposure to the chemicals. The administrative judge declined to grant the relief GSX requested. The Commission affirmed the administrative judge’s decision. However, the Warren County Circuit Court reversed the Commission’s decision and relieved GSX of its obligation to continue to pay Jackson’s medical expenses. Jackson appeals.
STANDARD OF REVIEW
¶ 4. “[T]he findings of an administrative agency will be binding on the appellate court so long as they are supported by substantial evidence, are not arbitrary or capricious, are not beyond the scope or power granted to the agency, [and are not in violation] of one’s constitutional rights.” Hale v. Fluor Daniel Corp., 830 So.2d 1252, 1254 (¶ 6) (Miss.Ct.App.2002) (citations omitted). We will reverse the Commission’s decision if it was “clearly erroneous and contrary to the overwhelming weight of the evidence.” Id. Furthermore, “[t]he decision to reopen a workers’ compensation case is purely discretionary with the Commission, and the Commission’s order will not be reversed absent a clear abuse of discretion.” Id. at 1257 (¶ 22).
*1051 ANALYSIS
¶ 5. The circuit court discharged GSX’s obligation to pay Jackson’s medical expenses based on its application of Mississippi Code Annotated section 71-3-58 (Rev.2011). Section 71-3-53 provides:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, ... review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
¶ 6. The circuit court concluded that “[t]hrough research and advances in medical technology, it is now known that [Jackson’s] asthma was not caused by his employment and that any work[-]related aggravation would have only been temporary.” According to the circuit court, “[n]either the administrative ... judge nor the ... Commission gave any credence [to] or even considered the new medical evidence and testimony that was presented.” Based on the concept that there was no evidence to contradict Dr. Pinkston’s conclusions, the circuit court reversed the Commission’s decision and discharged GSX’s obligation to continue to pay Jackson’s medical expenses related to asthma.
¶ 7. During Jackson’s original hearings, the Commission heard evidence that Dr. Sarah Broom, a board-certified pulmonary internist, determined that there was a causal relationship between Jackson’s asthma and his employment at GSX. The Commission also heard evidence that Dr. Bernard Booth, a specialist in internal medicine, allergies, and clinical immunology, concluded that Jackson’s exposure to chemicals at GSX aggravated and contributed to his asthma. However, Dr. Booth doubted that the exposure to chemicals had actually caused Jackson’s asthma.
¶8. Since 1994, Dr. Todd Adkins, an allergist, has been treating Jackson. Dr. Adkins eventually diagnosed Jackson with severe persistent asthma, chronic sinus disease, allergic rhinitis, and aspirin sensitivity. Dr. Adkins also concluded that Jackson had a condition known as “Sam-ter’s triad.”
¶9. Dr. Pinkston evaluated Jackson on June 14, 2007. Dr. Pinkston diagnosed Jackson with severe aspirin-induced asthma characterized by the “triad” of asthma, aspirin sensitivity, and nasal polyps. According to Dr. Pinkston, Jackson’s asthma was “not occupationally induced.” Dr. Pinkston opined that Jackson’s asthma was aggravated by working at GSX, but the effects should have subsided within six weeks to three months of leaving his employment there. During a deposition, Dr. Pinkston explained that Jackson did not develop Samter’s triad because he had been exposed to something. Dr. Pinkston elaborated that people suffer from Sam-ter’s triad because “[fit’s the way they’re built.” According to GSX, Dr. Pinkston’s diagnosis means that any treatment Jackson received after the time identified by Dr. Pinkston would have no causal relationship to his exposure to chemicals at GSX.
¶ 10. “Upon proper proof of ‘change of conditions’ or ‘mistake in the determination’ of facts, the [C]ommission must not abuse its discretion or arbitrarily refuse to reopen and review a case[.]” N. Miss. Med. Ctr. v. Henton, 317 So.2d 373, 375 (Miss.1975). Jackson claims that GSX failed to sufficiently prove that Dr. Pink-ston’s opinion is based on medical science that was not available at Jackson’s 1987 *1052 hearing. We agree. GSX merely argues that “[t]he causes and cures of asthma and [Jackson’s] condition of Samter’s triad had not been as thoroughly researched in 1987.” GSX also claims that “not all of the symptoms necessary to identify [Jackson’s] Samter’s triad had manifested themselves to a point the condition could be diagnosed at the time of the original hearing.” GSX cites no expert testimony or other authority to support its contentions. The Mississippi Supreme Court has held that “an application to reopen a[w]ork[ers’] Compensation case under ... section 71-3-53 ... is not to be used as a substitute for the right of appeal[.]” Henton, 317 So.2d at 376. Based on the lack of proof that Dr. Pinkston’s conclusion was based on evidence that was not available during Jackson’s original hearing before the Commission, we find the circuit court erred when it reversed the Commission’s decision. Accordingly, we reinstate the Commission’s order.
¶ 11. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS REVERSED AND RENDERED, AND THE COMMISSION’S ORDER IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.