McMILLIN, C.J.,
for the Court.
¶ 1. Linda Thomas was denied compensation benefits for a claimed work-related back injury when the Mississippi Workers’ Compensation Commission concluded that she had failed to carry her burden of showing that her alleged disabling injury was traceable to an on-the-job accident. Thomas appealed that decision without success to the Jackson County Circuit Court and now asks this Court to reverse the decision of the circuit court. We affirm.
I.
Facts
¶ 2. Thomas was employed by the Pasca-goula Municipal Separate School District as a custodian. Her duties included cleaning classrooms and the gymnasium, waxing and buffing the floors, and performing other janitorial functions. Thomas claimed that in December 1997 she slipped and fell on a recently-mopped gymnasium floor. No formal report of the fall or claim of injury from the fall was filed at the time. Thomas continued to work the remainder of the afternoon. In fact, she continued in her employment without reporting any physical problems related to her fall until late January 1998, when she voluntarily left employment for reasons unrelated to her physical condition. (Thomas had ended her employment when her request for transfer to another school within the employer’s system was denied.)
¶ 3. Thomas testified at the hearing that she began to feel pain in her back and left leg at some point after the fall. Expert medical testimony established that the time at which pain symptoms manifested themselves was critical to establish a causal connection between Thomas’s fall and the onset of symptoms of pain. On this key point the record shows that, on different occasions, Thomas gave widely inconsistent reports of when her pain symptoms first began, ranging from as long as “days, maybe weeks later” to a medical history offered to one treating physician in which she claimed that she was unable to ever return to work after her fall.
¶ 4. After leaving employment, Thomas was diagnosed with a herniated disc and underwent surgery. The operating physician, Dr. Thomas J. McCloskey, offered the view that, after reaching maximum medical improvement following surgery, Thomas had suffered a ten percent permanent partial disability to the body as a whole. Thomas’s contention in this proceeding is that her back condition that required surgery was proximately caused by the fall at work in December 1997. The Commission concluded that Thomas had failed to meet her burden of showing by a preponderance of the evidence that the fall at work either caused the herniated disc or exacerbated existing back problems that, until that time, had not been of sufficient severity to adversely affect her ability to perform the duties of her job. On that basis, her claim for compensation benefits was denied.
II.
Discussion
¶ 5. A claimant in a worker’s compensation case has the burden of proving the following elements: 1) accidental injury; 2) arising out of and in the course of employment; and 3) a causal connection between the injury and the claimed disability. Hedge v. Leggett & Platt, Inc., 641 So.2d 9,18 (Miss.1994).
*27 ¶ 6. There is no legitimate dispute that Thomas suffered from a herniated disc of sufficient severity that surgical repair of the damaged disc was required. There is, likewise, no dispute between the parties as to the validity of Dr. McClos-key’s post-operative opinion concerning the degree of permanent partial impairment to Thomas’s ability to function physically in her post-operative condition. The pivotal issue before the Commission' — and the one this Court is called upon to consider under the applicable standard for judicial review for such matters — is whether Thomas met her burden of proving that her fall at work either caused the herniated disc or substantially aggravated an existing back condition that previously had not been of sufficient severity to impair her ability to perform the normal duties of her job.
¶ 7. Thomas relies heavily on the deposition testimony of Dr. McCloskey to support the notion that she offered compelling proof that her back problems were either caused or substantially aggravated by the incident at work in December 1997. It is true that, initially, Dr. McCloskey testified that, “Well, you know, consistent with the history that she gave me, you know, she ... she had pre-existing back problem which was made a lot worse by the fall at the Exceptional School.” However, during cross-examination, Dr. McCloskey indicated his agreement with the proposition that, if the herniation of the disc was caused by a traumatic event such as the fall described by Thomas, she would have experienced a very rapid onset of pain. It was further developed, during the course of cross-examination, that Thomas had offered a medical history to Dr. McCloskey that included an assertion that she had been unable to return to work at any time after the fall occurred and that Dr. McCloskey had interpreted that to mean that the commencement of pain symptoms immediately followed the accident. When confronted with information given by Thomas in other settings that her pain symptoms had not begun to manifest themselves until days or even weeks after the accident and that she had, in fact, continued to work in her same job until she voluntarily ended her employment weeks later for reasons not related to her medical condition, Dr. McCloskey effectively conceded that such a scenario was inconsistent with the idea that the fall had caused the herniated disc.
¶ 8. The employer presented additional competent evidence from another examining physician, Dr. Bernie McHugh, who offered the opinion that “it’s with a reasonable degree of certainty that the herniated disc did not occur at the time of the fall that the patient reported in December.” Dr. McHugh went on to explain that a herniated disc caused by a sudden traumatic event typically “results in a significant neurological deficit and is an emergency.” He found the medical history following the fall and Thomas’s own testimony that there was no immediate onset of pain to be factors inconsistent with her theory of the cause of her herniated disc.
¶ 9. The Commission, taking into consideration a number of factors, including (a) inconsistencies in the claimant’s evidence, (b) the fact that her treating physician’s original opinion regarding the relationship between the fall and the disc injury was based in part on an incorrect patient history, (c) the fact that the period between the fall and the claimant’s assertion of when she began to experience pain was inconsistent with her claim based on the professional opinion of two doctors, and (d) the extended period of time between the fall and Thomas’s first assertion that the fall caused her back problems, determined that Thomas had failed to carry her bur *28 den of proof of showing by a preponderance of the evidence the necessary causative link between her fall at work and her back problems.
¶ 10. We undertake only a limited review of the Commission’s actions in regard to resolving disputed issues of fact and are not to interfere if we are satisfied that there is substantial evidence in the record to support the Commission’s determination. Marshall Durbin Co. v. Warren, 633 So.2d 1006, 1010-11 (Miss.1994). We do not re-weigh the evidence and are not authorized to substitute our own judgment of where the more persuasive weight of the evidence might lie. Lanterman v. Roadway Exp. Inc., 608 So.2d 1340, 1345 (Miss.1992). Generally, the issue of establishing the necessary link between an occurrence at work and a later-ensuing disability must be supplied by the expert testimony of a health care provider. Davis v. Scotch Plywood Co. of Miss., 505 So.2d 1192, 1196 (Miss.1987). In this case, the expert evidence showing a connection between Thomas’s fall at work and her herniated disc was, when viewed in its entirety, not particularly persuasive. On the other hand, the Commission heard competent opinion evidence that Thomas’s disc injury was not caused by a work-related accident. In this situation, we are satisfied that there is substantial evidentia-ry support for the proposition that Thomas did not carry her burden of showing that her back injury arose out of an incident connected with her employment. In that situation, based on our limited scope of review, our obligation is to uphold the decision of the administrative body charged by law with making such determinations.
1111. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.