CARLTON, J.,
Dissenting.
¶ 37. I must respectfully dissent from the majority’s holding to reverse the Mississippi Workers’ Compensation Commission’s (Commission) decision and to remand this case to the Commission to determine benefits. I disagree with the majority’s decision to re-weigh the evidence before the Commission as well as its holding that the Commission erred in not allowing Wade Short to supplement *66 the record on appeal. Because this Court’s standard of review is extremely limited, I would affirm the circuit court’s judgment upholding the decision of the Commission.
¶ 38. This Court’s standard of review in a workers’ compensation appeal is limited to determining whether the Commission’s decision is supported by substantial evidence. Casino Magic v. Nelson, 958 So.2d 224, 228(¶ 13) (Miss.Ct.App.2007) (citing Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(¶ 7) (Miss.Ct.App.1999)). “The Commission sits as the ultimate finder of facts; its findings are subject to normal, deferential standards upon review.” Id. (citing Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993)). Because our review is limited, this Court “will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id. (citing Westmoreland, 752 So.2d at 448(¶ 8)). We maintain this deferential standard of review even when we would have been persuaded to rule otherwise if we had been the fact-finder. Vance v. Twin River Homes, 641 So.2d 1176, 1180 (Miss.1994) (quoting Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). Though we defer to the Commission’s findings of fact, “[w]e review the Commission’s application of the law de novo.” Univ. of Miss. Med. Ctr. v. Smith, 909 So.2d 1209, 1218(¶ 30) (Miss.Ct.App.2005) (citing ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 45(¶ 10) (Miss.1999)).
I. WHETHER THE COMMISSION ERRED WHEN IT FOUND THAT SHORT’S INJURY WAS NOT WORK RELATED.
¶ 39. The majority focuses its analysis on the evidence that supports Short’s case, rather than the evidence supporting the Commission’s decision. This Court cannot “re-weigh the evidence and [is] not authorized to substitute [its] own judgment of where the more persuasive weight of the evidence might lie.” Thomas v. Pascagoula Mun. Separate Sch. Dist., 854 So.2d 25, 28(¶ 10) (Miss.Ct.App.2003) (citing Lanterman v. Roadway Express, Inc., 608 So.2d 1340, 1345 (Miss.1992)). Because this Court cannot re-weigh the evidence, I find the majority’s analysis improper. I find substantial evidence in the record to support the Commissions’s finding that Short failed to meet his burden of proof to show that he experienced a work-related injury.
¶ 40. The Commission affirmed the findings of the Administrative Law Judge (ALJ). Therefore, we must analyze whether substantial evidence exists in the record to support the ALJ’s findings of fact. In his findings of fact and conclusions of law, the ALJ points to Short’s inconsistent statements made to medical personnel regarding his injury, his failure to report his injury to his supervisors, his continuing to work without restrictions, and the accounts of witnesses who could not remember whether Short actually lifted the desk to move it upstairs.
¶ 41. Short told medical personnel at the University of Mississippi Medical Center that he injured himself at work while carrying a desk in December 2005. However, on two other occasions, Short gave different accounts of when the pain in his neck started. Short testified at the hearing that he informed Mike Welch (Welch), his supervisor, that he felt a “pop” in his neck and experienced pain. Welch, however, testified that Short did not help carry the desk. Welch remembered that Short carried the desk drawers, while Welch and Willie Keyes (Keyes) carried the desk. Furthermore, Welch testified that he had no memory of Short telling him about the “pop” and ensuing pain.
*67 ¶ 42. Keyes also testified that he and Welch carried the desk while Short carried the drawers. Billy Joe Raglan testified that he watched Welch and Keyes carry the desk, and Short carried the drawers. Jimmy Jones also testified that he saw Short carrying the desk drawers. Based on the evidence before him, the ALJ found that Short failed to meet his burden of proof. The failure of any of the witnesses to remember Short actually carrying or lifting the desk supports the ALJ’s finding that Short had not met his burden of proving a work-related injury.
¶ 43. The Commission reviewed the testimony and exhibits before affirming the ALJ’s decision. Ultimately, the Commission judges the credibility of the witnesses. Manning v. Sunbeam-Oster Household Prods., 979 So.2d 736, 740(¶ 13) (Miss.Ct.App.2008) (citing Barber Seafood, Inc. v. Smith, 911 So.2d 454, 461(¶ 27) (Miss.2005)). Our standard of review requires that we defer to the Commission’s findings of fact, even when we would have been persuaded to rule otherwise if we had been the fact-finder. Vance, 641 So.2d at 1180. Thus, even in cases where we disagree with the Commission’s findings, the Commission, as fact-finder, is entitled to our deference. In light of our limited scope of review in workers’ compensation cases, I would affirm the Commission’s decision regarding Short’s failure to meet his burden of proof.
II. WHETHER THE COMMISSION ERRED IN NOT ALLOWING SHORT TO SUBMIT ADDITIONAL MEDICAL EVIDENCE.
¶ 44. I further disagree with the majority’s holding that the Commission erred in not allowing Short to submit additional evidence after the hearing before the ALJ. Short sought permission from the Commission to admit a letter from Dr. Harkey, his physician, explaining Short’s course of treatment and that the incident at work “at least contributed to [Short’s] preexisting condition of cervical spondylosis.” Dr. Harkey drafted the letter in response to a request from Short’s counsel. The letter simply summarized Dr. Harkey’s medical records regarding his treatment of Short. Mississippi Workers’ Compensation Commission Procedural Rule 9 states, in part:
All testimony and documentary evidence shall be presented at the evidentiary hearing before the Administrative Judge which hearing shall be stenographically reported or recorded. Where additional evidence is offered on the review before the Full Commission, it shall be admitted in the discretion of the Commission. A motion for the introduction of additional evidence must be made in writing at least five (5) days prior to the date of the hearing of the review by the Full Commission. Such shall state with particularity the nature of such evidence, the necessity therefor, and the reason it was not introduced at the evidentiary hearing. If additional evidence is admitted, it shall be stenographically reported or recorded and become part of the record.
(Emphasis added).
¶ 45. Short’s motion to supplement the record failed to comply with the above standard. In his motion to supplement the record, Short failed to explain why he did not present the narrative at the hearing before the ALJ. Further, as the majority stated, “[t]he decision to reopen a workers’ compensation case is purely discretionary with the Commission, and the Commission’s order will not be reversed absent a clear abuse of discretion.” Mid-Delta Home Health, Inc. v. Robertson, 749 So.2d 379, 387(¶ 29) (Miss.Ct.App.1999) (citing Smith v. Container Gen. Corp., 559 So.2d 1019, 1023 (Miss.1990)). The Commission enjoys broad discretion in establishing pro *68 cedural rules for the administration of workers’ compensation claims, and this Court will rarely reverse the Commission for actions taken in the enforcement of its own procedural rules. Id. at (¶ 30) (quoting Delta Drilling Co. v. Cannette, 489 So.2d 1378, 1380-81 (Miss.1986)). I do not find the Commission acted arbitrarily in exercising its discretion by refusing to allow Short to supplement the record with the letter from Dr. Harkey.
¶ 46. I find substantial evidence in the record to support the Commission’s findings of fact. Further, I find the Commission acted within its discretion in denying Short’s motion to supplement the record. Because this Court’s scope of review is limited, I would affirm the Commission’s decision.
GRIFFIS AND MAXWELL, JJ„ JOIN THIS OPINION.